UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT SMITH,<br><br>        **Plaintiff,**<br><br>v.<br><br>TODD THOMPSON, et al.,<br><br>        **Defendants.** | Civil Action No. 15-4047 (SDW)<br><br><br>OPINION |

**WIGENTON**, District Judge:

      Plaintiff, Vincent Smith, filed a complaint against Defendants on or about June 11, 2015.[1] (ECF No. 1). On June 18, 2015, this Court granted Petitioner's application to proceed *in forma pauperis*. (ECF No. 2). At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim for which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set out below, this Court will dismiss Plaintiff's complaint without prejudice.

**I. BACKGROUND**

      Plaintiff Vincent Smith is apparently an "independent scrap metal collector [and] seller" who is currently imprisoned at Northern State Prison in Newark New Jersey. (ECF No. 1 at 3,

---

[1] The date that Plaintiff filed his complaint is somewhat unclear. Plaintiff signed his complaint and dated it June 22, 2015. This Court received the complaint on June 17, 2015, several days before the date on the complaint. (ECF Docket Sheet). The envelope Plaintiff used to mail his complaint appears to have a postmark date of June 11, 2015. (Document 7 attached to ECF No. 1). This Court therefore assumes that the complaint was mailed on that date, and therefore was filed within two years of the date on which Plaintiff was allegedly shot, which was June 14, 2013. (Document 3 attached to ECF No. 1 at 1).

1

Document 3 attached to ECF No. 1 at 3). On June 14, 2013, Plaintiff unlawfully entered United Hospital, an apparently abandoned hospital in Newark, New Jersey, presumably in search of scrap metal. (ECF No. 1 at 5). A security guard who was on duty at the hospital that day, Defendant Todd Thompson, observed Plaintiff's entry and chased him into a hallway. (*Id.*). While in the hallway, Thompson fired upon Plaintiff, shooting him once in the back of the thigh with what Plaintiff asserts was a hollow point bullet.[2] (*Id.*). The bullet passed through Plaintiff's leg and exited just above Plaintiff's knee cap. (*Id.*). Plaintiff was thereafter arrested, incarcerated, and ultimately convicted of unspecified crimes. (*Id.* at ). The treatment of Plaintiff's leg ultimately required multiple surgeries, and Plaintiff asserts that he now suffers from significant nerve damage in his leg. (Document 3 attached to ECF No. 1 at 3).

Defendant Thompson is an employee of the Eagle Detective Agency of South Orange, New Jersey. (ECF No. 1 at 2-3). Plaintiff alleges that the Eagle Agency is a contractor of either Essex County itself or the Essex County Sheriff's Department. (*Id.*; Document 3 attached to ECF No. 1 at 2). Plaintiff's supposition appears to be that the Eagle Agency was hired to provide security at United Hospital. (*Id.*; Document 3 attached to ECF No. 1 at 2).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil

---

[2] Plaintiff asserts that Thompson fired without warning or identifying himself and without provocation. (Document 3 attached to ECF No. 1 at 2). According to a medical report attached to the complaint, however, Thompson reported to police that Plaintiff "charged him with a pipe immediately before the shooting." (Document 4 attached to ECF No. 1 at 2).

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a convicted state prisoner bringing claims against a governmental entity who is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

---

[3]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Analysis

Plaintiff seeks to sue Defendants for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983, the federal civil rights statute, provides "private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). To assert a cognizable claim under the statute, a plaintiff must allege that he was deprived of a federal constitutional or statutory right by a person who was acting under the color of state law at the time that the alleged deprivation occurred. *Id.* When called upon to evaluate the merits of a claim under the statute, a court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Although Plaintiff does not clearly allege the nature of the constitutional violation which he claims occurred when he was fired upon by Defendant Thompson, this Court construes Plaintiff as attempting to assert a claim for excessive force under the Fourth and Fourteenth Amendments during his "seizure" by Defendant Thompson.

**1. Plaintiff has not pled any facts giving rise to a claim against Defendants Eagle Detective Agency and Essex County**

In addition to Thompson, Plaintiff also names as defendants Thompson's employer Eagle Detective Agency and Essex County. Neither a municipality nor a private entity acting on behalf

of a state or municipal agency may be sued under § 1983 via a *respondeat superior* theory of liability. *See Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Rogers v. UMDNJ*, No. 10-1759, 2011 WL 345959, at *6 n. 5 (D.N.J. Feb 1, 2011) (citing *Monell,* 436 U.S. at 691-92; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003)). A plaintiff must instead adequately plead that the municipality or entity itself has committed a violation of federal law. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010); *Rogers*, 2011 WL 345959 at *6 n. 5; *see also Natale*, 318 F.3d at 584. To plead a claim against an entity or municipality, then, a plaintiff must therefore normally plead that there was a policy, ordinance, regulation, or custom which resulted in the deprivation of his rights which was adopted by the entity or municipality in question. *Humphries*, 562 U.S. at 35-36; *Natale*, 318 F.3d at 584; *Rogers*, 2011 WL 345959 at *6 n. 5.

Plaintiff's complaint contains no facts tying the county or the detective agency to his injuries other than the fact that Thompson is employed by the agency which apparently contracts with the county or its sheriff's department. Plaintiff has therefore, at most, pled a *respondeat superior* claim against the county and agency. As such a claim is not cognizable under § 1983, Plaintiff's claim must be dismissed without prejudice as to Essex County and Eagle Detective Agency. *Humphries*, 562 U.S. at 35-36; *Monell,* 436 U.S. at 691-92; *Natale*, 318 F.3d at 584; *Rogers*, 2011 WL 345959 at *6 n. 5.

**2. Plaintiff has not adequately pled that Defendant Thompson was acting under color of state law at the time of the shooting**

Plaintiff seeks to bring a § 1983 claim against Defendant Thompson, presumably for excessive force. Such a claim would only be viable if Plaintiff can "demonstrate a violation of a

[constitutional right] . . . by a person acting under color of state law." *Cahill v. Live Nation*, 512 F. App'x 227, 230 (3d Cir. 2013). A private entity or actor can only be held liable under the statute "if it 'may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Endmondson Oil Co.*, 457 U.S. 922, 937 (1982)). An ostensibly private actor or entity will be treated as a state actor only where there is a "close nexus" between the State and the action giving rise to the constitutional claim. *Brentwood Acad. V. Tennessee Seconday Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001); *see also Catlett v. New Jersey State Police*, Civil Action No. 12-153, 2013 WL 941059, at *3 (D.N.J. Mar. 11, 2013). "Whether the conduct is fairly attributable to the state 'is a matter of normative judgment,' but the Supreme Court has explained: 'We have treated a nominally private entity as a state actor when it is controlled by an 'agency of the State,' when it has been delegated a public function by the state, when it is entwined with governmental policies, or when government is entwined in [its] management or control[.]'" *Catlett*, 2013 WL 941059 at *4 (quoting *Brentwood Acad.*, 531 U.S. at 296).

Plaintiff makes no such allegations in his complaint, only stating that the Eagle Detective Agency is "contracted by Essex County." (ECF No. 1 at 3). Plaintiff presents no specifics about that relationship, nor what level of control or intermingling is involved between the state and the agency. Even if one were to assume that Plaintiff intended to assert that the County had delegated the security of the abandoned hospital to the agency and, in turn, its employee Thompson, the delegation of a public function to a private entity, without more "is insufficient to establish state action." *Catlett*, 2013 WL 941059 at *4. That an entity performs actions which benefit the public likewise is not sufficient to establish that a private actor or entity is acting under color of state law. *Id.* As Plaintiff has pled only that there was a contract between the detective agency and the county, and has not otherwise established that Thompson or Eagle were state actors, Plaintiff has

6

failed to state a claim for which relief can be granted under § 1983. Plaintiff's § 1983 claim against Thompson and Eagle must therefore be dismissed without prejudice. As this Court is dismissing Plaintiff's claims against all Defendants, this Court will dismiss without prejudice Plaintiff's complaint in its entirety.[4]

**III. CONCLUSION**

      For the reasons stated above, this Court will dismiss Plaintiff's complaint without prejudice. An appropriate order follows.

                                                   *s/ Susan D. Wigenton*
Dated: October 2, 2015                      Hon. Susan D. Wigenton,
                                                   United States District Judge

---

[4] Plaintiff does not clearly state an intention to bring state law claims against Thompson or his employer for the shooting. As all of Plaintiff's claims over which this Court has original jurisdiction have been dismissed, to the extent that Plaintiff sought to bring state law claims, this Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).